CITY OF HUNTINGTON WOODS v AJAX PAVING INDUSTRIES,
INC

Docket No. 105176. Submitted January 11, 1989, at Lansing. Decided
June 5, 1989.

Ajax Paving Industries, Inc., entered into a construction contract
with the City of Huntington Woods. The contract provided for a
two-stage procedure to settle disputes. First, requests for
changes were to be submitted within thirty days of the occur-
rence giving rise to the change. The engineer was the initial
arbiter. Arbitration could be requested within thirty days of
the engineer's written decision. The city sent a dispute to the
engineer for resolution. The engineer found that Ajax was
overcharging for sod used on the project. Ajax did not request
arbitration and ignored the engineer's decision. The city
brought an action to enforce the decision against Ajax in the
Oakland Circuit Court. Ajax then moved to compel arbitration,
which the court denied. The court dismissed the complaint,
holding that the city failed to file its claim with the engineer
within thirty days of notice of the overcharge, Jessica R.
Cooper, J. The city appealed.

The Court of Appeals *held:*

1. The engineer's determination was tantamount to an arbi-
tration award.

2. Timeliness of an arbitration claim is a procedural matter
left to the arbitrator and is not subject to judicial review. The
court exceeded its proper scope of review in going behind the
decision and ruling on the timeliness of the claim made to the
engineer.

3. The question whether plaintiff's attempt to judicially en-
force the award was timely has been waived by defendant for
failure to raise the issue in its first responsive pleading.

Reversed and remanded.

REFERENCES
Am Jur 2d, Appeal and Error §§ 156-158; Arbitration and Award
§§ 15, 165; Pleading § 397.
Delay in asserting contractual right to arbitration as precluding
enforcement thereof. 25 ALR3d 1171.

1. Arbitration — Timeliness — Appeal.

Timeliness of an arbitration claim is a procedural matter left to the arbitrator and is not subject to judicial review.

2. Arbitration — Timeliness — Appeal — Court Rules.

Failure to comply with the procedural time limit in MCR 3.602(I) does not deprive a circuit court of jurisdiction over an arbitration case (MCR 3.602[I]).

3. Limitation of Actions — Defenses — Waiver — Court Rules.

The defense of failure to meet some temporal limitation is deemed waived if not raised in the first responsive pleading (MCR 2.111[F][3][a]).

*Shifman & Carlson, P.C.* (by *Burton R. Shifman*), for plaintiff.

*Ralls & Mackey, P.C.* (by *William Reid Ralls*), for defendant.

Before: Gribbs, P.J., and Michael J. Kelly and Marilyn Kelly, JJ.

Marilyn Kelly, J. The City of Huntington Woods appeals as of right from an order of the Oakland Circuit Court dismissing its complaint against Ajax Paving Industries, Inc., pursuant to MCR 2.116(C)(10). This lawsuit arose out of a paving contract between the parties. Huntington Woods sought damages for intentional and innocent misrepresentation and enforcement of an engineer's award. The circuit court ruled the cause was barred, because the City had not filed its original claim with the engineer within the time limit set in the contract. We reverse and reinstate the complaint.

On May 25, 1984, Ajax agreed to do certain work in accordance with the plans and specifications of the City's Asphalt Paving Program. The written agreement provided a two-stage procedure

in the event of disputes. Under §§ 9.11 and 9.12[1], all requests for contract changes had to be submitted within thirty days after occurrence of the event giving rise to the request. The engineer was the initial interpreter and judge. His decision was a condition precedent to the exercise of any other contractual rights or remedies.

Sections 16.1 and 16.2[2] provided the opportunity

---

[1] Article 9 - Engineer's Status During Construction . . . .

Decisions on Disputes:

9.11. ENGINEER will be the initial interpreter of the requirements of the Contract Documents and judge of the acceptability of the Work thereunder. Claims, disputes and other matters relating to the acceptability of the work or the interpretation of the requirements of the Contract Documents pertaining to the performance and furnishing of the Work and claims under Articles 11 and 12 in respect of changes in the Contract Price or Contract Time will be referred initially to ENGINEER in writing with a request for a formal decision in accordance with this paragraph, which ENGINEER will render in writing within a reasonable time. Written notice of each such claim, dispute and other matter will be delivered by the claimant to ENGINEER and the other party to the Agreement promptly (but in no event later than thirty days) after the occurrence of the event giving rise thereto, and written supporting data will be submitted to ENGINEER and the other party within sixty days after such occurrence unless ENGINEER allows an additional period of time to ascertain more accurate data in support of the claim.

9.12. When functioning as interpreter and judge under paragraphs 9.10 and 9.11, ENGINEER will not show partiality to OWNER or CONTRACTOR and will not be liable in connection with any interpretation or decision rendered in good faith in such capacity. The rendering of a decision by ENGINEER pursuant to paragraphs 9.10 and 9.11 with respect to any such claim, dispute or other matter (except any which have been waived by the making or acceptance of final payment as provided in paragraph 14.16) will be a condition precedent to any exercise by OWNER or CONTRACTOR of such rights or remedies as either may otherwise have under the Contract Documents or by Laws or Regulations in respect of any such claim, dispute or other matter.

[2] Article 16 - Arbitration

16.1. All claims, disputes and other matters in question between OWNER and CONTRACTOR arising out of, or relating to the Contract Documents or the breach thereof (except for claims which have been waived by the making or acceptance of final payment as provided by paragraph 14.16) will be decided by arbitration in accordance with the Construction Industry

for arbitration. A demand for arbitration had to be made within thirty days of the engineer's written decision. If it was not made, the decision became final and binding.

In July, 1984, a contract revision was agreed to. The use of sod was substituted for seed and mulch in certain locations. The City was to pay for the sod and receive a credit for the seed and mulch not purchased. Ajax submitted figures showing the cost of the sod and, in due course, a change order was issued substituting sod at $4.20 per square yard.

On September 17, 1984, the engineer was inadvertently sent a copy of the sod subcontractor's invoice. It showed the price to Ajax was only $3.30 per square yard of sod. Nonetheless, in January 1986, the City paid Ajax $96,467.70 for the sod (22,968.5 yards × $4.20).

Arbitration rules of the American Arbitration Association then obtaining subject to the limitations of the Article 16. This agreement so to arbitrate and any other agreement or consent to arbitrate entered into in accordance herewith as provided in this Article 16 will be specifically enforceable under the prevailing law of any court having jurisdiction.

16.2 No demand for arbitration of any claim, dispute or other matter that is required to be referred to ENGINEER initially for decision in accordance with paragraph 9.11 will be made until the earlier of (a) the date on which ENGINEER has rendered a decision or (b) the tenth day after the parties have presented their evidence to ENGINEER if a written decision has not been rendered by ENGINEER before that date. No demand for arbitration of any such claim, dispute or other matter will be made later than thirty days after the date on which ENGINEER has rendered a written decision in respect thereof in accordance with paragraph 9.11; and the failure to demand arbitration within said thirty days' period shall result in ENGINEER's decision being final and binding upon OWNER and CONTRACTOR. If ENGINEER renders a decision after arbitration proceedings have been initiated, such decision may be entered as evidence but will not supersede the arbitration proceedings, except where the decision is acceptable to the parties concerned. No demand for arbitration of any written decision of ENGINEER rendered in accordance with paragraph 9.10 will be made later than ten days after the party making such demand has delivered written notice of intention to appeal as provided in paragraph 9.10.

The City claims that it first realized it had been overcharged on March 27, 1986. On April 3, it gave notice to Ajax and to the engineer of its claim under §§ 9.11 and 9.12 of the contract in the amount of $65,460.22. Ajax made no response. The engineer rendered a written decision in favor of the City on July 2, 1986. Ajax did not appeal by filing for arbitration within thirty days or at any time thereafter. Also, Ajax did not pay.

The City filed its circuit court complaint on August 19, 1987. Ajax moved for an order compelling arbitration or, in the alternative, for summary disposition based on no genuine issue of material fact. The judge denied the motion to compel, holding that Ajax had received notice of the engineer's decision and had long since allowed the time within which to demand arbitration to elapse. She also dismissed the City's complaint, because Huntington Woods neglected to file its claim with the engineer within thirty days of receiving actual notice of the overcharge.[3]

We find that the engineer's decision became final and binding when neither the City nor Ajax demanded arbitration within thirty days after receiving it. Because the decision was allowed to become final, it is tantamount to an arbitration award and should be so treated by the court in determining the scope of review.

We take judicial notice that the alternate dispute resolution mechanism found in the parties' contract is common in the construction industry today. One of its principal purposes is to provide a speedy and relatively simple and inexpensive method of resolving differences which inevitably arise in the course of construction. The lower court's failure to treat the engineer's decision as a

[3] Section 9.11. See n 1, *supra.*

final arbitration award has effectively rewritten the contract and substituted for the agreed-upon method of dispute resolution, a much more lengthy, expensive and cumbersome one.

Our courts have long been supportive of arbitration agreements and have discouraged efforts to circumvent their objectives. To that end, we have narrowly construed the authority of the judiciary to review arbitration awards. We have held that, even if such an award is clearly erroneous on the facts, it is not subject to reversal by the courts. *Lanzo Construction Co v Port Huron,* 88 Mich App 443, 449; 276 NW2d 613 (1979).

The Supreme Court has held that timeliness of the arbitration claim itself is a procedural matter which should be left to the arbitrator. *Brown v Holton Public Schools,* 397 Mich 71; 243 NW2d 255 (1976). In going behind the award and ruling on the question of the timeliness of the City's claim to the engineer, the court exceeded its proper scope of review.

Ajax argues that, if the circuit court were wrong in its reasoning, it nonetheless made the right decision. It contends the court could have treated the engineer's decision as an arbitration award and properly dismissed the complaint pursuant to MCR 3.602(I) which provides:

> An arbitration award filed with the clerk of the court designated in the agreement or statute within one year after the award was rendered may be confirmed by the court, unless it is vacated, corrected, or modified, or a decision is postponed, as provided in this rule.

Ajax acknowledges it did not raise this issue before the appeal to this Court. It contends however that the City's failure to seek timely judicial

enforcement deprived the circuit court of subject matter jurisdiction. It cites no authority for this position.

Subject matter jurisdiction is the right of the circuit court to exercise judicial power over and to try matters of the particular class and character of the one pending. *In re Chambers' Estate,* 333 Mich 462, 468-469; 53 NW2d 335 (1952). MCL 600.5025; MSA 27A.5025 gives the circuit court jurisdiction to enforce an arbitration award. It does not place a time limit on the enforcement. MCR 3.602(I) imposes a procedural time limitation, but failure to follow it does not oust the circuit court of jurisdiction. See *DAIIE v Gavin,* 416 Mich 407, 422-423; 331 NW2d 418 (1982).

It is true that more than a year passed between the award and the filing of the complaint. However, Ajax waived the issue by its failure to plead or raise the defense before the trial court. Limitation defenses, like many affirmative defenses, are deemed waived if not raised in a party's first responsive pleading. MCR 2.111(F)(3)(a). *Liddell v Detroit Automobile Inter-Ins Exchange,* 102 Mich App 636, 654; 302 NW2d 260 (1981).

The trial judge did not explain why she dismissed the misrepresentation claims. Based on that omission together with our resolution of the previous issues, we conclude that the judge erred in dismissing those claims as well.

Reversed and remanded. This court does not retain jurisdiction.