CITY OF HUNTINGTON WOODS v AJAX PAVING INDUSTRIES,
INC (ON REHEARING)

Docket No. 105176. Submitted January 11, 1989, at Lansing. Decided
   August 21, 1989. Leave to appeal applied for.

The City of Huntington Woods brought an action in the Oakland
   Circuit Court to enforce an arbitrator's award made more than
   a year prior to the filing of the complaint. The court, Jessica R.
   Cooper, J., granted defendant's motion to dismiss and plaintiff
   appealed. The Court of Appeals remanded, holding that the
   issue of timeliness of plaintiff's action was waived, as it was not
   raised at the trial level, 177 Mich App 351 (1989). Defendant
   moved for rehearing, which was granted.

On rehearing, the Court of Appeals *held:*

A defense of the statute of limitations may be timely pled at
   any time up to and including the timely filing of the party's
   responsive pleading. Since no responsive pleading has been
   filed, the issue of the timeliness of plaintiff's complaint has not
   been waived.

Reversed and remanded.

Lᴉᴍᴉᴛᴀᴛᴉᴏɴ ᴏꜰ Aᴄᴛᴉᴏɴs — Pʟᴇᴀᴅᴉɴɢ.

A defense of the statute of limitations may be timely pled at any
   time up to and including the timely filing of the party's
   responsive pleading (MCR 2.116[D][2]).

*Shifman & Carlson, P.C.* (by *Burton R. Shifman*),
for plaintiff.

*Ralls & Mackey, P.C.* (by *William Reid Ralls,
James J. Urban* and *Bruce H. Edwards*), for defen-
dant.

Rᴇꜰᴇʀᴇɴᴄᴇs

Am Jur 2d, Limitation of Actions §§ 422, 453 *et seq.*
See the Index to Annotations under Arbitration and Award; Limita-
   tion of Actions.

ON REHEARING

Before: GRIBBS, P.J., and MICHAEL J. KELLY and MARILYN KELLY JJ.

MARILYN KELLY, J. We granted rehearing of *City of Huntington Woods v Ajax*, 177 Mich App 351; 441 NW2d 99 (1989), for the purpose of addressing one limited issue: whether defendant waived a possible limitations defense under MCR 3.602(I) before the trial court. After considering the arguments on motion for rehearing, we find it necessary to clarify our previous opinion.

At the original hearing on the appeal of this case, Ajax argued that plaintiff's cause was barred by the one-year period of limitations contained in MCR 3.602(I). The city had filed its complaint more than a year after its arbitration award was rendered. We held that Ajax had not properly preserved this issue for appeal, as it did not plead or raise it before the trial court, and we had no record to review. *Providence Hosp v National Labor Union Health & Welfare Fund*, 162 Mich App 191, 194; 412 NW2d 690 (1987).

Ajax contends on rehearing, correctly, that our ruling could be construed on remand to prevent it from pleading the bar of MCR 3.602(I) in its answer to the complaint. Such was not our intent. Ajax has never filed an answer to the complaint in this matter. It is entitled to wait until its responsive pleading to raise a statute of limitations defense. MCR 2.116(D)(2). Its motion for summary disposition was not such a pleading. MCR 2.110(A).

Therefore, Ajax is not precluded by our ruling from raising its statute of limitations defense in its responsive pleading before the trial court on remand. If it does so, the trial court will then

exercise its discretion to determine whether to allow that part of plaintiff's cause which is based on the arbitration award. MCR 2.108(E), *DAIIE v Gavin,* 416 Mich 407, 423; 331 NW2d 418 (1982).

Reversed and remanded. We do not retain jurisdiction.