CITY OF HUNTINGTON WOODS v AJAX PAVING INDUSTRIES,
INC (AFTER REMAND)

Docket No. 131445. Submitted June 9, 1992, at Lansing. Decided July
14, 1992; approved of publication September 17, 1992, at 9:00
A.M.

The City of Huntington Woods brought an action in contract in
the Oakland Circuit Court against Ajax Paving Industries, Inc.
The contract provided that if disputes arose between the par-
ties, they would be submitted to an engineer, whose decision
would be final if arbitration were not sought within thirty days.
After a dispute arose, the city submitted it to an engineer for
resolution. Ajax did not request arbitration and ignored the
engineer's decision. The city then brought this action, seeking
confirmation of the decision. Ajax moved for an order compel-
ling arbitration or for summary disposition on the basis of the
city's failure to file its complaint within the one-year period
allowed by the court rules for confirmation of arbitration
awards. The court, Jessica R. Cooper, J., denied the motion and
dismissed the complaint, ruling that the city's submission of
the dispute to the engineer had not been timely under the
terms of the contract. The Court of Appeals, Gribbs, P.J., and
Michael J. Kelly and Marilyn Kelly, JJ., reversed and
remanded, holding that the engineer's decision should be
treated as an arbitration award, that under the terms of the
contract whether the submission of the dispute to the engineer
was timely was for the engineer to determine, and that Ajax
had waived the defense of the city's failure to seek confirmation
of the engineer's decision within the one-year period allowed by
the court rules. 177 Mich App 339 (1989). On rehearing, the
Court of Appeals held that Ajax had not waived the timeliness
defense and that it could raise the defense in its answer. 179
Mich App 600 (1989). On remand, the court granted summary

References
Am Jur 2d, Arbitration and Award §§ 11 et seq.; Limitations of
Actions §§ 422 et seq..
See the Index to Annotations under Arbitration and Award; Limita-
tion of Actions.

disposition for Ajax on the basis that the complaint was not timely filed. The city appealed.

After remand, the Court of Appeals *held:*

1. The trial court did not abuse its discretion in dismissing the complaint for confirmation on the ground that it had not been filed within the one-year period provided in MCR 3.602(I).

2. The trial court did not err in dismissing the city's claims of misrepresentation. The claims were arbitrable under the terms of the parties' contract. Because the city's filing of those claims with the engineer was not timely, it waived its right to arbitration.

Affirmed.

ARBITRATION — CONTRACTS — CONFIRMATION OF AWARDS — LIMITATION OF ACTIONS.

A contract provision for resolution of disputes by a neutral third person may be treated as an agreement to arbitrate; after such a resolution has been rendered, a complaint for confirmation of the award must be filed within the one-year limitation applicable to arbitration awards (MCR 3.602[I]).

*Shifman & Carlson* (by *Burton P. Shifman* and *Lisa Taylor*), for the plaintiff.

*Ralls Urban & Rosier, P.C.* (by *William Reid Ralls, James J. Urban,* and *Bruce H. Edwards*), for the defendant.

### AFTER REMAND

Before: GRIBBS, P.J., and HOOD and C. W. SIMON, JR.,* JJ.

PER CURIAM. The City of Huntington Woods appeals as of right an order of the Oakland Circuit Court dismissing its complaint against Ajax Paving Industries, Inc. We affirm.

In an earlier appeal, this Court succinctly set forth the following facts:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

> On May 25, 1984, Ajax agreed to do certain
> work in accordance with the plans and specifica-
> tions of the City's Asphalt Paving Program. The
> written agreement provided a two-stage procedure
> in the event of disputes. Under §§ 9.11 and 9.12 all
> requests for contract changes had to be submitted
> within thirty days after occurrence of the event
> giving rise to the request. The engineer was the
> initial interpreter and judge. His decision was a
> condition precedent to the exercise of any other
> contractual rights or remedies.
>
> Sections 16.1 and 16.2 provided the opportunity
> for arbitration. A demand for arbitration had to be
> made within thirty days of the engineer's written
> decision. If it was not made, the decision became
> final and binding.

The Court also held that Ajax waived its limita-
tions defense claim when it failed to plead or raise
the defense in the trial court. [*City of Huntington
Woods v Ajax Paving Industries, Inc,* 177 Mich
App 351, 352-354; 441 NW2d 99 (1989).]

Subsequently, this Court granted a rehearing to
determine whether Ajax waived the limitations
defense under MCR 3.602(I) in the trial court. *City
of Huntington Woods v Ajax Paving Industries,
Inc (On Rehearing),* 179 Mich App 600, 601-602;
446 NW2d 331 (1989). The Court clarified its deci-
sion and held that Ajax was entitled to wait until
its responsive pleading to raise a statute of limita-
tions defense and that its motion for summary
disposition was not such a pleading. *Id.*

On March 20, 1990, the Michigan Supreme
Court denied Ajax's application for leave to ap-
peal. 434 Mich 892.

Upon remand, Ajax filed its answer and affirma-
tive defenses and a motion for summary disposi-
tion on the ground that the city's complaint, which
sought confirmation of the engineer's arbitration
award, had not been filed within the one-year

period allowed by MCR 3.602(I). On July 11, 1990, the trial court granted Ajax's motion for summary disposition. The city now appeals.

The city contends that the trial court abused its discretion under MCR 3.602(I) when it dismissed the complaint for confirmation of the arbitration award because the court failed to exercise its discretion. This issue is without merit. A review of the record indicates that the trial court exercised its discretion in granting Ajax's motion for summary disposition.

In the alternative, the city contends that the trial court abused its discretion when it granted Ajax's motion for summary disposition where the city's delay was excusable neglect and where Ajax was not prejudiced by the delay. We disagree. The city's complaint was not filed within the one-year limitation period pursuant to MCR 3.602(I), giving the trial court authority to bar the city's claim. Furthermore, the city has failed to prove that the trial court abused its discretion when it upheld the one-year limitation period. *Marrs v Bd of Medicine,* 422 Mich 688, 694; 375 NW2d 321 (1985); *Henritzy v General Electric Co,* 182 Mich App 1, 7; 451 NW2d 558 (1990).

Finally, the city contends that the trial court erred in dismissing the misrepresentation claims on the ground that the claims were not arbitrable. We disagree.

The existence of an arbitration contract and the enforceability of its terms are judicial questions that cannot be decided by the arbitrator. *Arrow Overall Supply Co v Peloquin Enterprises,* 414 Mich 95, 99; 323 NW2d 1 (1982). To ascertain the arbitrability of an issue, the court must consider whether there is an arbitration provision in the parties' contract, whether the disputed issue is arguably within the arbitration clause, and

whether the dispute is expressly exempt from arbitration by the terms of the contract. *Federal Kemper Ins Co v American Bankers Ins Co,* 137 Mich App 134, 139-140; 357 NW2d 834 (1984). Any doubts about the arbitrability of an issue should be resolved in favor of arbitration. *Omega Construction Co, Inc v Altman,* 147 Mich App 649, 655; 382 NW2d 839 (1985).

In this case, the city's misrepresentation claims were arbitrable under the specific dictates of the parties' arbitration agreement, which provided that all claims and disputes relating to the contract or its breach "will be decided by arbitration." Furthermore, the claims of misrepresentation directly relate to the contract price, and all disputes involving price were to be referred initially to the engineer for resolution. Finally, the arbitration agreement specifically stated that written notice of all claims and disputes must be delivered to the engineer within thirty days of its occurrence. Thus, when the city failed to bring its misrepresentation claims within thirty days, it waived its right to arbitration. The purpose of an arbitration agreement is to avoid protracted litigation. *NuVision v Dunscombe,* 163 Mich App 674, 684; 415 NW2d 234 (1987). Thus, to now circumvent the express terms of the parties' arbitration agreement would entirely defeat the agreement's purpose.

Affirmed.