JAGUAR TRADING LIMITED PARTNERSHIP v PRESLER

Docket No. 290972. Submitted June 16, 2010, at Grand Rapids. Decided August 3, 2010, at 9:00 a.m.

Jaguar Trading Limited Partnership, Wilford J. Presler, and Douglas Cunningham were parties to an agreement that provided for binding arbitration of any controversy or claim arising from the agreement. A dispute arose and, on August 13, 2007, an arbitration award was rendered in favor of Jaguar. On August 12, 2008, Jaguar, without filing a complaint or any other pleadings, filed in the Ingham Circuit Court a form from the State Court Administrative Office titled "Binding Arbitration Award," seeking confirmation of the arbitration award. Cunningham sought summary disposition on the ground that no complaint had been filed. Cunningham also argued that because Jaguar's filing was made one day before the expiration of the one-year period of limitations set forth in MCR 3.602(I) for the filing of a complaint seeking confirmation of an arbitration award, any further proceedings were barred. Jaguar argued that under the court rule, a party seeking confirmation of an arbitration award need only "file" the award with the clerk of the appropriate court within one year after the award was entered. The court, Joyce A. Draganchuk, J., denied Cunningham's motion and granted summary disposition in favor of Jaguar, holding that the court rule allows a party seeking confirmation of an arbitration award to initiate a proceeding by filing the award with the clerk of the court. Cunningham appealed.

The Court of Appeals *held*:

1. An arbitration agreement, like the one in this case, that provides that a judgment may be entered on the arbitration award is a statutory arbitration agreement governed by the Michigan arbitration act, MCL 600.5001 *et seq.* MCR 3.602 governs the judicial review and enforcement of statutory arbitration agreements.

2. To be effective, an arbitration award filed with a court must be confirmed by the court. This confirmation must result in an order of confirmation by the court. MCR 3.602(B)(1) requires a party seeking an order under MCR 3.602 to first file a complaint if no action is pending.

3. There is no authority within the Michigan arbitration act for the commencement of a confirmation proceeding other than by the filing of a complaint. Jaguar failed to properly initiate a civil action by filing a complaint as required by both MCL 600.1901 and MCR 2.101(B). Jaguar was entitled to neither confirmation of the arbitration award nor summary disposition because it failed to invoke the circuit court's jurisdiction under the Michigan arbitration act by properly initiating a civil action through the filing of a complaint.

4. Jaguar filed the arbitration award with the clerk of the circuit court within one year after the award was rendered, thus strictly complying with the time limitation of MCR 3.602(I). Therefore, MCR 3.602(I) itself would not prohibit Jaguar from filing a complaint in the circuit court for confirmation of the timely filed award.

Reversed and remanded.

ARBITRATION — CONFIRMATION OF ARBITRATION AWARDS — ACTIONS — COMPLAINTS.

A party seeking confirmation of a statutory arbitration award under MCR 3.602(I) and the Michigan arbitration act must, if there is no action pending between the parties, file a complaint in the circuit court in order to invoke the circuit court's jurisdiction (MCL 600.5001 et seq.).

*Timothy E. Dixon, Attorney at Law, PLC* (by *Timothy E. Dixon*), for Jaguar Trading Limited Partnership.

Douglas C. Cunningham, *in propria persona.*

Before: SAWYER, P.J., and BANDSTRA and WHITBECK, JJ.

PER CURIAM. Defendant Douglas Cunningham[1] appeals as of right the trial court's order denying his motion for summary disposition, granting summary disposition in favor of plaintiff pursuant to MCR 2.116(I)(2), and confirming an arbitration award in favor of plaintiff. We reverse and remand.

---

[1] Wilford John Presler was named as a defendant in the trial court, but he did not appear and is not a party to this appeal. The term "defendant" as used in this opinion refers solely to Douglas Cunningham.

The facts of the dispute in the underlying arbitration matter are not at issue in this appeal. The sole issue is whether plaintiff, as a party seeking confirmation of an arbitration award under MCR 3.602(I) and the Michigan arbitration act (MAA), MCL 600.5001 *et seq.*, was required to file a complaint in the circuit court in order to invoke the circuit court's jurisdiction. We conclude that, because no action was pending between the parties, plaintiff was required to file a complaint to initiate a civil action under the MAA. See MCR 3.602. We further conclude, however, that, pursuant to MCR 3.602(I), plaintiff timely filed the arbitration award with the clerk of the court.

Plaintiff and defendant were parties to an agreement that provided for binding arbitration of any controversy or claim arising from the agreement. A dispute arose between the parties, and, on August 13, 2007, an arbitration award was issued, awarding plaintiff $18,456.94, plus fees and costs. On August 12, 2008, plaintiff filed Form MC 284, a form approved by the State Court Administrative Office (SCAO) and titled "Binding Arbitration Award," in the trial court. On the form, plaintiff checked boxes indicating that the basis for binding arbitration was "[s]tatutory based on contract"; that the nature of the claim arbitrated was "[c]ommercial"; and that the total amount of the award was $25,219.44. Plaintiff attached several documents to the SCAO form, including the original arbitration award and exhibits submitted in the arbitration proceedings. Plaintiff did not file a complaint or any other pleadings.

Defendant, rather than filing an answer, sought summary disposition on the ground that no complaint had been filed. Defendant noted that MCR 3.602(B)(1), which governs statutory arbitration under the MAA,

provides that a party seeking relief under the rule must first file a complaint as in other civil actions. Defendant further argued that because plaintiff's filing was made one day before the expiration of the one-year limitations period set forth in MCR 3.602(I) for the filing of a complaint seeking confirmation of an arbitration award, any further proceedings were barred.

Plaintiff's attorney filed an affidavit explaining that he believed, on the basis of his reading of the MAA and MCR 3.602 and his research concerning SCAO Form MC 284, that he had followed the appropriate procedure for seeking confirmation of an arbitration award. Plaintiff argued that under MCR 3.602(I), a party seeking confirmation of an arbitration award need only "file" the award with the clerk of the appropriate court within one year after the award is rendered and that the language in MCR 3.602(B)(1) relied on by defendant is not applicable to confirmation requests under MCR 3.602(I). The trial court denied defendant's motion and instead granted summary disposition in favor of plaintiff under MCR 2.116(I)(2), holding that MCR 3.602(I) allows a party seeking confirmation of an arbitration award to initiate a proceeding by filing the award with the clerk of the court.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Ardt v Titan Ins Co*, 233 Mich App 685, 688; 593 NW2d 215 (1999). A court may grant summary disposition to the opposing party under MCR 2.116(I)(2) if it determines that the opposing party, rather than the moving party, is entitled to judgment. *Washburn v Michailoff*, 240 Mich App 669, 672; 613 NW2d 405 (2000). The trial court in this case held that plaintiff was entitled to judgment on the basis that no genuine issue of fact remained. Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genu-

ine issue concerning any material fact and a party is entitled to judgment as a matter of law. *Lind v Battle Creek*, 470 Mich 230, 238; 681 NW2d 334 (2004).

The interpretation and application of a court rule involves a question of law that this Court reviews de novo. *Associated Builders & Contractors v Dep't of Consumer & Indus Servs Dir*, 472 Mich 117, 123-124; 693 NW2d 374 (2005); *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Managers, LLC*, 282 Mich App 410, 412; 766 NW2d 874 (2009). The rules governing the construction of statutes apply to the interpretation of court rules. *Rafferty v Markovitz*, 461 Mich 265, 270; 602 NW2d 367 (1999); *Greater Bethesda*, 282 Mich App at 412. Clear and unambiguous language in a court rule must be accorded its plain meaning and enforced as written. *Greater Bethesda*, 282 Mich App at 412; *Fleet Business Credit, LLC v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 591; 735 NW2d 644 (2007).

When an arbitration agreement provides that judgment may be entered on the arbitration award, as did the parties' agreement in this case, it falls within the definition of statutory arbitration and is governed by the MAA. MCL 600.5001(2); *Wold Architects & Engineers v Strat*, 474 Mich 223, 225, 229; 713 NW2d 750 (2006). MCR 3.602 governs judicial review and enforcement of statutory arbitration agreements. MCR 3.602(A); MCL 600.5021; *Brucker v McKinlay Transp, Inc*, 454 Mich 8, 16-17; 557 NW2d 536 (1997).

Plaintiff contends that the plain and unambiguous language of MCR 3.602(I) makes clear that a party seeking confirmation of an arbitration award need not file a complaint to invoke circuit-court jurisdiction. MCR 3.602(I) provides:

> Award; Confirmation by Court. An arbitration award *filed with the clerk of the court* designated in the agreement

or statute within one year after the award was rendered may be confirmed by the court, unless it is vacated, corrected, or modified, or a decision is postponed, as provided in this rule. [Emphasis added.]

Plaintiff maintains, on the basis of the emphasized language, that a proceeding to confirm an arbitration award is initiated simply by *filing* the arbitration award with the clerk of the court. We disagree.

To be effective, a filed award must be "confirmed" by the court. And this confirmation necessarily must result in an order of confirmation by the court. And, as defendant notes, MCR 3.602(B)(1) requires a party seeking any order under MCR 3.602 to first file a complaint if no action is pending. As amended in 2007, MCR 3.602(B)(1) provides:

(B) Proceedings to Compel or to Stay Arbitration.

(1) A request for an order to compel or to stay arbitration or for another order under this rule must be by motion, which shall be heard in the manner and on the notice provided by these rules for motions. *If there is not a pending action between the parties, the party seeking the requested relief must first file a complaint as in other civil actions.*[2] [Emphasis added.]

The emphasized language is consistent with the overall content of MCR 3.602, which makes clear that any request for circuit-court relief in an arbitration matter takes place within the context of a "civil action" and is therefore subject to all the procedural requirements that apply to such an action.[3] As noted earlier, MCR 3.602(B)(1), (J)(1), and (K)(1) provide for the filing of complaints and motions in proceedings involv-

---

[2] As plaintiff notes, in 2007 the emphasized language in MCR 3.602(B)(1) was also added to the subrules governing vacation and modification of arbitration awards, MCR 3.602(J) and (K).

[3] See also the 1985 staff comment to MCR 3.602: "Subrule(B)(1) requires that *a request to invoke court jurisdiction in an arbitration matter is to be*

ing arbitration matters "as in other civil actions." Similarly, MCR 3.602(M) provides for the taxing of costs "as in civil actions," and MCR 3.602(N) provides for the taking of appeals "as from order or judgments in other civil actions."

Pursuant to MCR 2.101(A), "[t]here is one form of action known as a 'civil action,'" and, under MCR 2.101(B), "[a] civil action is commenced by filing a complaint with a court." Furthermore, § 1901 of the Revised Judicature Act (RJA), in which the MAA is located, provides that "[a] civil action is commenced by filing a complaint with the court." MCL 600.1901. There is no authority within the MAA for the commencement of a confirmation proceeding other than by the filing of a complaint as directed in MCL 600.1901.[4] Indeed, our Supreme Court has noted that "[a]fter an arbitration award is rendered, the successful party has one year *to commence a civil action* requesting that the court confirm the award and reduce it to judgment." *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 501-502; 475 NW2d 704 (1991) (emphasis added).[5] As the Court further explained:

---

*made by filing a civil action,* unless the matter arises in a pending action, in which case a motion may be used." (Emphasis added.)

[4] See also 5 Longhofer, Michigan Court Rules Practice (5th ed), § 3602.8, pp 107-108:

A party seeking confirmation of an award [under MCR 3.602(I)] must file the award with the clerk of the court designated in the agreement within one year after the award was rendered. In a pending action, the filing of the award is coupled with the filing of a motion seeking its confirmation. *If no action is then pending, the party seeking confirmation must file a complaint seeking that relief.* The award is attached to and filed with the complaint. Service of the pleadings is made under MCR 2.105. MCR 2.116 is available for summary disposition of the action. [Emphasis added; citations omitted.]

[5] The Supreme Court's opinion in *Gordon Sel-Way* was released before the most recent 2007 amendment of the court rule. However, the rationale applied to the rule then still applies to the rule as written today.

> In Michigan, "civil action" is broadly defined as an action "commenced by filing a complaint with a court." MCR 2.101(B), MCL 600.1901 . . . . The procedure to obtain a money judgment on an arbitration award is governed by the rules applicable to civil actions *and commences with the filing of a complaint with a court.* MCR 3.602. [*Id.* at 509 (emphasis added).][6]

Plaintiff failed to properly initiate a civil action by filing a complaint as required by both MCL 600.1901 and MCR 2.101(B). Indeed, plaintiff has failed to file any pleading or make any official request in the circuit court.[7] Having failed to invoke circuit-court jurisdiction under the MAA by properly initiating a civil action through the filing of a complaint, plaintiff was entitled to neither confirmation of the arbitration award nor summary disposition.

Defendant additionally argues that, because the one-year limitations period of MCR 3.602(I) has expired, further proceedings are barred, citing *Huntington Woods v Ajax Paving Indus, Inc (After Remand)*, 196 Mich App 71, 73; 492 NW2d 463 (1992). We disagree. In *Huntington Woods*, the proponent of the arbitration award sought its confirmation by properly filing a complaint, but it did not do so within the one-year period allowed by MCR 3.602(I). *Id.* at 73-74. Thus, apparently no action whatsoever was taken seeking confirmation of the award within the time limit of that rule. In contrast, plaintiff here filed the arbitration

---

[6] The Court in *Gordon Sel-Way*, 438 Mich at 490, concluded that MCL 600.6013 governs the interest on arbitration awards "from the date a complaint is filed requesting confirmation of an award and continues until the date judgment rendered on the award is satisfied."

[7] SCAO Form MC 284 does not contain any request for confirmation of an existing arbitration award; rather, the form, which is captioned "Binding Arbitration Award," is simply a document that may be completed by an arbitrator for use as the arbitration award itself.

award with the clerk of the circuit court within one year after the award was rendered, thus strictly complying with the time limitation and the clear language of the rule. Accordingly, MCR 3.602(I) does not itself prohibit plaintiff from filing a complaint in the lower court for confirmation of the timely filed award.[8]

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[8] We have been presented with no argument apart from the rule supporting the conclusion that a complaint might be otherwise time-barred. On remand, the lower court may consider any such argument if it is advanced.