# STATE OF MICHIGAN

# COURT OF APPEALS

SPENCE BROTHERS,

Plaintiff-Appellee,

v

KIRBY STEEL, INC.,

Defendant-Appellant.

UNPUBLISHED
March 14, 2017

No. 329228
Washtenaw Circuit Court
LC No. 14-000546-CK

SPENCE BROTHERS,

Plaintiff-Appellee,

and

CINCINNATI INSURANCE COMPANY,

Intervening Plaintiff-Appellee,

v

KIRBY STEEL, INC.,

Defendant-Appellant.

No. 332083
Washtenaw Circuit Court
LC No. 14-000546-CK

Before: CAVANAGH, P.J., and SAWYER and SERVITTO, JJ.

PER CURIAM.

This dispute is between a general contractor, plaintiff Spence Brothers, and its subcontractor, defendant Kirby Steel, Inc., regarding insurance coverage for an injury that defendant's employee sustained while on plaintiff's job site. Plaintiff was sued and then brought this lawsuit against defendant for breach of its obligations to provide plaintiff comprehensive liability insurance and to indemnify plaintiff for its losses under the parties' Subcontract Agreement (Agreement). The trial court granted summary disposition for plaintiff and subsequently entered an order of judgment, awarding plaintiff and its insurer, intervening plaintiff Cincinnati Insurance Company (hereinafter Cincinnati), $127,823.88. Defendant

-1-

appeals by right the trial court's order of judgment in Docket No. 332083 and the trial court's summary disposition orders in Docket No. 329228. Because the trial court erred by declining to order this matter to arbitration pursuant to the plain terms of the Agreement, we reverse.

## I. BACKGROUND

In 2011 through 2012, plaintiff was the project manager overseeing the University of Michigan's expansion of the Crisler Arena. Defendant bid on the structural and metal work for the project and plaintiff accepted its bid. In its acceptance letter, plaintiff directed defendant to obtain a Certificate of Liability Insurance listing plaintiff as an "additional insured." Defendant obtained said certificate. Thereafter, the parties entered into the Agreement under which defendant agreed to procure comprehensive liability insurance coverage and to name plaintiff as an "endorsed named insured" therein. The Agreement also required defendant to defend and indemnify plaintiff against all losses.

In April 2012, defendant's employee, William Burtch, suffered injuries on the job site when he fell from a ladder. Burtch filed a negligence action against plaintiff. Plaintiff asserted its right to a defense and indemnification against defendant, but defendant's insurer refused such coverage noting that plaintiff was only an "additional insured" under its policy with defendant.

Plaintiff then brought this lawsuit against defendant for breach of the Agreement, alleging that defendant failed to obtain the comprehensive liability insurance coverage naming plaintiff as an "endorsed named insured" as required under paragraph 13 of the Agreement and, further, that defendant breached paragraph 14 of the Agreement by failing to defend and indemnify plaintiff in the *Burtch* case. Defendant answered the complaint, asserting in its affirmative defenses that paragraph 22 of the Agreement required that the matter be submitted to arbitration and moved to dismiss on the same ground.

At the hearing on the motion to dismiss, plaintiff responded that there was no dispute that a duty to indemnify under the Agreement existed—leaving nothing for an arbiter to decide—and, further, that it would be premature to order arbitration because no disposition as to the underlying negligence case had been reached. Plaintiff's counsel cited plaintiff's concerns of "things getting done in a piecemeal fashion . . . ." Defendant countered that the Agreement required arbitration by its plain terms and that this matter involves the breach of the Agreement, not the underlying negligence action.

After noting that the indemnity provision of paragraph 14 was very broad and not specific to negligence cases, the trial court denied defendant's motion to dismiss and to order the matter to arbitration. The court stated:

> [T]he reason I brought up the language in paragraph 14 and 22, if you were to
> read those strictly together I can see where the arbitration provision would in fact
> take precedence, even in a negligence claim such as this; but given the allegations
> as to some alleged fault by the Plaintiff . . . I'm gonna deny the motion to dismiss,
> leave the matter here and see what we can do to resolve it.

Thereafter, plaintiff moved for summary disposition under MCR 2.116(C)(10), asserting that no genuine issue of material fact existed that defendant breached its insurance coverage and

indemnification obligations under the Agreement. The trial court granted plaintiff's motion for summary disposition, and subsequently entered an order of judgment awarding plaintiff and Cincinnati $127,823.88.

## II. STANDARD OF REVIEW

Because arbitration is a matter of contract subject to contract interpretation principles, this Court's review is de novo. *Altobelli v Hartmann*, 499 Mich 284, 295; 884 NW2d 537 (2016). In interpreting an arbitration agreement, the Court discerns the intent of the parties by examining the plain and ordinary meaning of the agreement. *Id*.

## III. ANALYSIS

On appeal, defendant argues that the trial court erred by ignoring the plain terms of the arbitration provision in the parties' Agreement, which unequivocally encompasses the disputed issues in this case. Defendant claims that the trial court erroneously considered the underlying negligence action in concluding that this matter did not arise out of or relate to the breach of the Agreement. We agree.

Arbitration is a matter of contract law and, thus, it follows that arbitration agreements "must be enforced according to their terms to effectuate the intentions of the parties." *Bayati v Bayati*, 264 Mich App 595, 599; 691 NW2d 812 (2004). Generally, "[a]n agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except on a ground that exists at law or in equity for the revocation of a contract." MCL 691.1686(1). Upon a motion to enforce an agreement to arbitrate, the trial court must, in the event a party opposes arbitration, order arbitration "unless it finds that there is no enforceable agreement to arbitrate." MCL 691.1687(1)(b).

"The existence of an arbitration agreement and the enforceability of its terms are judicial questions for the court, not the arbitrators." *Fromm v MEEMIC Ins Co*, 264 Mich App 302, 305; 690 NW2d 528 (2004). "A three-part test applies for ascertaining the arbitrability of a particular issue: 1) is there an arbitration agreement in a contract between the parties; 2) is the disputed issue on its face or arguably within the contract's arbitration clause; and 3) is the dispute expressly exempted from arbitration by the terms of the contract." *In re Nestorovski Estate*, 283 Mich App 177, 202; 769 NW2d 720 (2009) (quotation marks and citation omitted). "Any doubts about the arbitrability of an issue should be resolved in favor of arbitration." *City of Huntington Woods v Ajax Paving Indus, Inc (After Remand)*, 196 Mich App 71, 75; 492 NW2d 463 (1992). "However, a court should not interpret a contract's language beyond determining whether arbitration applies and should not allow the parties to divide their disputes between the court and an arbitrator." *Fromm*, 264 Mich App at 306. "Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator." *Kaleva-Norman-Dickson Sch Dist No 6 v Kaleva-Norman-Dickson Sch Teachers' Assoc*, 393 Mich 583, 591; 227 NW2d 500 (1975) (quotation marks and citation omitted).

Paragraph 22, the arbitration provision of the Agreement, provides:

> All claims, disputes and other matters in question arising out of, or relating to, this Subcontract *or the breach thereof shall be decided by Arbitration* in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then existing unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof. [Emphasis added.]

Paragraph 22 unambiguously requires arbitration of "[a]ll claims, disputes, and other matters in question arising out of, or relating to, this [Agreement] or the breach thereof . . . ." This provision is broadly phrased, to include not only claims or disputes that may be raised in a court of law, but also "other matters;" moreover, these encompassed incidents need not even arise out of the Agreement, but may merely be *related* to it. This broad language clearly reflects the parties' shared intention to submit any matters related to the Agreement to arbitration.

Determining whether the present matter is an arbitrable dispute involves, as noted, analysis of three factors: whether an arbitration agreement exists; whether the disputed issue is within the contract's arbitration clause; and whether the dispute is exempted from arbitration by the terms of the contract. *In re Nestorovski Estate*, 283 Mich App at 202 (quotation marks and citation omitted). In this case, first, it is undisputed that paragraph 22 constitutes an agreement to arbitrate. Second, and contrary to plaintiff's position, a breach of contract action, involving a breach of the subject Agreement like this matter, is expressly within the contemplation of the Agreement's arbitration clause. To conclude that paragraph 22 does not compel arbitration, when plaintiff has alleged that defendant breached the Agreement, defies the unequivocal mandate that arbitration is required for "[a]ll claims, disputes and other matters in question arising out of, or relating to, this [Agreement] *or the breach thereof*." Indeed, plaintiff's and the trial court's interpretation eviscerates the parties' intent and ignores fundamental principles of contract construction that terms are not to be rendered nugatory. And, third, the Agreement contains no exceptions exempting this dispute from arbitration. Therefore, because this breach of contract action is an arbitrable dispute within the meaning of the Agreement, plaintiff's claims are subject to arbitration. Accordingly, the trial court erred by denying defendant's motion to dismiss and to compel arbitration.

Plaintiff, however, argues that denial of arbitration was proper because the parties did not dispute the existence of the insurance coverage obligations (paragraph 13) and arbitration as to indemnity would be premature because liability had not been resolved in the underlying negligence action. Plaintiff cites no authority in direct support of its position. It asserts that it would not be proper for an arbiter to render a decision on paragraph 13 because "the question whether arbitration exists and its terms are enforceable . . . cannot be decided by an arbitrator." However, that the question of arbitration is reserved to the judiciary does not prohibit an arbiter from considering the substantive merits of the matter submitted to arbitration.

Plaintiff also urges this Court to consider factors outside, and contractual language beyond, that necessary to determine whether the dispute is subject to arbitration. The trial court adopted this line of reasoning, referring to the negligence claim and the then-undetermined question of whether plaintiff had any fault in that matter to obviate defendant's duty to

indemnify under paragraph 14.[1]  However, in considering whether a dispute is arbitrable, "a court should not interpret a contract's language beyond determining whether arbitration applies[.]" *Fromm*, 264 Mich App at 306.  By its plain language, paragraph 14 does not inform the scope of arbitration under the present Agreement and does not otherwise contain an exception to the arbitration provision as the trial court appeared to hold.  Therefore, the trial court erred by considering paragraph 14, and other extrinsic evidence, when determining whether arbitration applies.

In sum, the arbitration provision of the parties' Agreement mandates that this matter involving the alleged breach of the Agreement be submitted to arbitration.  The trial court erred by determining otherwise.  Accordingly, the trial court's summary disposition orders and final order of judgment in favor of plaintiff and Cincinnati are reversed and this matter is remanded to the trial court for entry of an order granting defendant's motion to dismiss and ordering this matter to arbitration.  In light of our resolution of this dispositive issue, we need not consider the other issues raised by defendant on appeal.

Reversed and remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.  Defendant is entitled to tax costs as the prevailing party.  See MCR 7.219(A).

/s/ Mark J. Cavanagh
/s/ David H. Sawyer
/s/ Deborah A. Servitto

---

[1] Paragraph 14 contained an exception to defendant's duty of indemnification in the event plaintiff was found to be solely negligent for any liability.  That provision provided:

> You shall protect, defend, indemnify, and save harmless [plaintiff], the Owner, and the Architect, and its employees or agents from and against all losses, claims, demands, payment, damages, suits, actions, attorney's fees, recoveries and judgments of every nature and description brought or recovered against [plaintiff], the Owner, and/or the Architect by you, your employees, agents, or subcontractors caused or arising in any manner whatsoever in the course of or in connection with work performed or work not performed hereunder and regardless of the person or persons, including [plaintiff], the Owner, and/or Architect, whose act or omission to act, whether negligent or not negligent, causes, results in or contributes to such loss, claim, demand, payment, damages, suit, actions, attorney's fees, recovery or judgment; *provided that this indemnity shall not apply to any liability arising from the sole negligence of [plaintiff], the Owner, and/or the Architect.*  [Emphasis added.]

-5-