*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BLAKE A. JONES,

      Plaintiff-Appellant,

v

OAKLAND COUNTY SHERIFF'S OFFICE,

      Defendant-Appellee.

UNPUBLISHED
April 11, 2024

No. 368794
Oakland Circuit Court
LC No. 2023-201844-CZ

Before: CAVANAGH, P.J., and K. F. KELLY and RICK, JJ.

PER CURIAM.

In this civil action involving alleged police misconduct, plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(8) (failure to state a claim). On appeal, plaintiff alleges that Sergeant Todd Hunt, working for defendant, committed police misconduct during an investigation that led to plaintiff's arrest and current, pending criminal case. Because the trial court (1) acted within its discretion when striking, sua sponte, various additional complaints filed by plaintiff and (2) properly granted summary disposition for defendant, we affirm.

## I. BACKGROUND

Plaintiff represented himself in the trial court, and continues to do so on appeal. This case commenced when plaintiff filed two separate complaints against defendant on August 2, 2023. The two complaints are essentially identical. Plaintiff alleged, in full:

> Unlawful Criminal Procedure[;] Imminent threat to myself, the constitution of the state of Michigan and the Constitution of the United States of America[;] Illegal Searching[;] Perjury[; ]Police Misconduct[;] Corruption[;] Disorderly Conduct[;] Redacted Dash Camera-Brady violation[;] Missing In-car Audio/[]Video-Privacy act Violation[;] Cover-up[.]

Plaintiff's second complaint also included the following note: "Order No: 21-86616[; ]Reference case No. 2022-279935-FH[.]"

Case number 2022-279935-FH refers to the state's criminal case against plaintiff in the Oakland Circuit Court, which remains pending. Plaintiff was bound over for trial in February 2022 on one count each of third-degree fleeing and eluding a police officer, MCL 257.602a(3)(a), and carrying a concealed weapon, MCL 750.2327(1). Returning to the instant case, on August 4, 2023, plaintiff filed in the trial court a document titled "Deputy Violations," which merely quoted various portions of Michigan's public health and penal codes, constitution, and code of criminal procedure.

Defendant, in lieu of answering, moved for summary disposition under MCR 2.116(C)(8). The same day, plaintiff filed a "Complaint" for "Deputy Violations" and "Prosecutorial Misconduct." Plaintiff included some additional authority for his claim(s) and, for the first time, factual allegations concerning Sergeant Hunt's specific misconduct. The next day, the court entered a scheduling order on defendant's motion for summary disposition, requiring that plaintiff file a response by October 18, 2023. The order also stated, "The Court will not consider late or non-conforming briefs." "If the non-moving party's response and supporting brief is not timely filed, or if a response brief is not filed, the Court will assume opposing counsel does not have any authority for its respective position."

Plaintiff filed a "FORMAL COMPLAINT" on September 27, 2023—along with additional complaints on October 17 and 20, 2023—elaborating upon the allegations against Sergeant Hunt. Without holding a hearing, the trial court granted defendant's motion. The court determined that summary disposition was warranted under MCR 2.116(C)(8) because (1) plaintiff never responded to defendant's motion by the court's dispositive deadline and (2) plaintiff "merely asserts conclusions, unsupported by allegations of fact, and as such, the complaint does not suffice to state a cause of action." The court, citing MCR 2.115(B), also struck each of plaintiff's complaints filed after defendant moved for summary disposition because plaintiff "did not seek leave from the court before submitting any of these additional complaints." This appeal followed.

## II. STANDARDS OF REVIEW

"This Court reviews a trial court's decision regarding a motion to strike a pleading pursuant to MCR 2.115 for an abuse of discretion." *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 469; 666 NW2d 271 (2003). "A trial court abuses its discretion when it chooses an outcome that falls outside the range of reasonable and principled outcomes." *Cove Creek Condo Ass'n v Vistal Land & Home Dev, LLC*, 330 Mich App 679, 707; 950 NW2d 502 (2019). This Court reviews the interpretation of court rules de novo. *Acorn Investment Co v Mich Basic Prop Ins Ass'n*, 495 Mich 338, 348; 852 NW2d 22 (2014).

This Court reviews a trial court's decision on a motion for summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *Id*. "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id*. at 160. "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*.

## III. ANALYSIS

As an initial matter, plaintiff's brief on appeal presents 17 issues for this Court's consideration that are unclear, duplicative, and—like his single argument under all the questions presented—ultimately fail to address the actual basis of the trial court's order in this case. Specifically, neither plaintiff's statement of issues presented nor his substantive argument address, or even mention, the actual basis of the trial court's ruling: whether defendant was entitled to summary disposition under MCR 2.116(C)(8) because plaintiff's claim was legally deficient and, relatedly, whether the court should have stricken his additional complaints. See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) ("When an appellant fails to dispute the basis of the trial court's ruling, this Court . . . need not even consider granting . . . the relief [sought].") (quotation marks and citation omitted; first omission in original); see also *Roberts & Son Contracting, Inc v North Oakland Dev Corp*, 163 Mich App 109, 113; 413 NW2d 744 (1987) ("Since counsel has failed to address an issue which necessarily must be reached, the relief he seeks . . . may not be granted.") In any case, the trial court's ruling is affirmed.

### A. STRICKEN COMPLAINTS

The trial court struck, citing MCR 2.115(B), all but two complaints plaintiff filed, and only considered those initially filed on August 2, 2023. This decision was within the range of reasonable and principled outcomes.

MCR 2.115(B), which governs motions to strike, provides:

On motion by a party or on the court's own initiative, the court may strike from a pleading redundant, immaterial, impertinent, scandalous, or indecent matter, or may strike all or part of a pleading not drawn in conformity with these rules.

MCR 2.118(A) governs amended pleadings and provides, in relevant part:

(1) A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading.

(2) Except as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires.

Relatedly, under MCR 2.116(I)(5), "[i]f the grounds asserted [for summary disposition] are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified."

MCR 2.118(A)(1) permits a party to "amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party[.]" *Ligons v Crittenton Hosp*, 490 Mich 61, 80; 803 NW2d 271 (2011) (quotation marks and citation omitted). But MCR

2.110(A) specifies that the term "pleading" includes only a complaint, a cross-complaint, a counterclaim, a third-party complaint, an answer, and a reply to an answer, and states that "[no] other pleading is allowed." "[W]hen a court rule specifically defines a given term, that definition alone controls." *Ligons*, 490 Mich at 81 (quotation marks and citation omitted). Defendant's motion for summary disposition, therefore, was not a responsive pleading. See also *Huntington Woods v Ajax Paving Indus, Inc*, 179 Mich App 600, 601; 446 NW2d 331 (1989[1]) (the defendant's motion for summary disposition was not a responsive pleading). Accordingly, plaintiff's right as a matter of course to amend his complaint under MCR 2.118(A)(1) was not triggered by defendant moving for summary disposition of plaintiff's claims set forth in his original August 2, 2023 complaints. Plaintiff's later filings, all made without leave to amend, did not comport with the requirements of MCR 2.118(A)(1). The trial court, therefore, did not abuse its discretion by striking plaintiff's improperly filed amended complaints.

We acknowledge that pro se litigants are allowed some leniency in pursuing their claims. *Haines v Kerner*, 404 US 519, 520; 92 S Ct 594; 30 L Ed 2d 652 (1972) (observing that allegations in a pro se complaint are held "to less stringent standards than formal pleadings drafted by lawyers"). But this leniency is not without limits, and pro se parties must still abide by the court rules. *Bachor v Detroit*, 49 Mich App 507, 512; 212 NW2d 302 (1973). Ignorance of the law is no excuse even for pro se litigants. *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 488; 822 NW2d 239 (2012). Ultimately, we conclude, for the reasons stated earlier, that the trial court did not abuse its discretion by striking plaintiff's later complaints.

### B. SUMMARY DISPOSITION

The trial court properly granted summary disposition for defendant. Concerning MCR 2.116(C)(8) motions, "[a] mere statement of a pleader's conclusions and statements of law, unsupported by allegations of fact, will not suffice to state a cause of action." *Varela v Spanski*, 329 Mich App 58, 79; 941 NW2d 60 (2019). Here, plaintiff's August 2, 2023 complaints included no factual allegations whatsoever, nor even any clear statements of law. Rather, plaintiff merely presented a string of apparent, hard-to-follow conclusions devoid of any, even minimal, factual or legal explanation. Given plaintiff's failing, summary disposition was warranted under MCR 2.116(C)(8).

Further, the court rules grant the trial court the authority to issue a scheduling order if "such an order would facilitate the progress of the case." MCR 2.401(B)(2)(a). The trial court has the authority to schedule a summary disposition hearing and the dates for filing briefs to a time frame that differs from the standard period set forth in the court rules. MCR 2.116(G)(1)(a). And the

---

[1] Although this Court is not required to follow cases decided before November 1, 1990, see MCR 7.215(J)(1), a published case decided by this Court "has precedential effect under the rule of stare decisis," MCR 7.215(C)(2). See also *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018) (stating that although this Court is not "strictly required to follow uncontradicted opinions from this Court decided before November 1, 1990," those opinions are nonetheless "considered to be precedent and entitled to significantly greater deference than are unpublished cases.").

trial court has the discretion to decline to entertain pleadings filed beyond the stated deadline. See *Flanagin v Kalkaska Co Rd Comm*, 319 Mich App 633, 640; 904 NW2d 427 (2017); *Kemerko Clawson LLC v RXIV Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005). This discretion "promotes the efficient management of the trial court's docket," and an alternate construction would "severely curtail the trial court's ability to manage its docket through the use of scheduling orders." *Id*. at 350-351.

Here, the trial court issued a summary disposition scheduling order that directed plaintiff to file a response by October 18, 2023, but plaintiff failed to do so. Given the complete failure of plaintiff to ever respond to defendant's motion, as well as plaintiff's failure to ever address this matter on appeal, we cannot conclude that the trial court abused its discretion by granting defendant's motion for summary disposition based on plaintiff failing to adhere to the scheduling order; an order which, in turn, characterized the failure to respond as essentially consenting to the moving party's requested relief. See *id*. at 349.

Finally, much of plaintiff's argument, and indeed the totality of his requested relief on appeal, actually relates to his separate, ongoing criminal case in the circuit court (and somewhat to a closed probate case in Wayne County[2]). See *Worker's Compensation Agency Director v MacDonald's Indus Prods, Inc (On Reconsideration)*, 305 Mich App 460, 474-475; 853 NW2d 467 (2014) ("It is well established in Michigan that, assuming competent jurisdiction, a party cannot use a second proceeding to attack a tribunal's decision in a previous proceeding"; these "collateral attacks" are generally prohibited.). Accordingly, although what issues have been decided at this point in plaintiff's criminal case is unclear from the available record, it *is* clear he is attempting to use this case largely as a vehicle to challenge rulings and prevent further adverse proceedings in the separate criminal case—and to challenge his prior unrelated probate proceedings—rather than seeking appropriate civil remedies for Sergeant Hunt's alleged misconduct.

Relatedly, to the extent plaintiff claims Sergeant Hunt perjured himself at the preliminary examination in plaintiff's related criminal case, this was not a proper claim before the trial court in the instant action. Importantly, perjury in obtaining a judgment is considered intrinsic fraud and, because a "litigant confronted with perjury in court has the opportunity to rebut the perjured testimony through his [or her] own case," cannot serve as the basis for an independent action. *Rogoski v Muskegon*, 107 Mich App 730, 736-737; 309 NW2d 718 (1981) ("This does not mean that a litigant is never entitled to relief from a judgment obtained by intrinsic fraud. However, this

---

[2] The probate case cited by plaintiff involved orders for him to seek mental health treatment in 2017 and 2019, and the case is closed following numerous unsuccessful appeals to this Court and the Supreme Court.

relief cannot be by independent action but, rather, must be by motion in the case in which the adverse judgment was rendered.").

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly
/s/ Michelle M. Rick