WILSON v KING

Docket No. 305468. Submitted October 10, 2012, at Detroit. Decided
November 6, 2012, at 9:10 a.m. Leave to appeal denied, 493 Mich
955.

Marquita Wilson, the mother and next friend of Mac Sconi filed an
action in the Wayne Circuit Court against Diane King, seeking
visitation rights with Mac's biological siblings under the Child
Custody Act, MCL 722.21 *et seq.* Wilson's parental rights to three
other children were terminated in 2008, and those children were
subsequently adopted by defendant. According to Wilson, defen-
dant initially allowed Mac to visit with his biological siblings, but
later prohibited the visitation. Wilson moved for entry of a default
judgment when defendant failed to respond to her complaint
within 21 days of service. At a hearing at which both parties were
present, the court, Megan Maher Brennan, J., denied Wilson's
motion and sua sponte dismissed her lawsuit on the basis that
Michigan law does not recognize a cause of action for sibling
visitation. Wilson appealed.

The Court of Appeals *held*:

1. Pursuant to MCL 710.60(1), after the entry of an adoption
order, the person or persons adopting the adoptee become the
parent or parents of the adoptee under the law as though the
adopted person had been born to the adopting parents, and the
adopting parents are liable for all the duties and entitled to all the
rights of parents. The statute effectively makes the adopted child
the natural child of the adopting parents and the adopting parents
the natural parents of the child. The Michigan adoption scheme
expresses a policy of severing at law the prior, natural family
relationship and creating a new and complete substitute relation-
ship after adoption.

2. Defendant legally adopted Mac's three older biological sib-
lings, and the adoption legally severed the three children's prior,
natural family relationship, including their sibling relationship
with Mac, and created a new and complete substitute relationship.
Even if a cause of action to obtain sibling visitation existed in
Michigan, the complaint failed to state a claim because the
children with whom Mac seeks visitation are not his siblings. The

trial court properly dismissed Wilson's complaint even though it reached the right result for the wrong reason.

Affirmed.

PARENT AND CHILD — ADOPTION — SIBLING VISITATION.

After the entry of an adoption order, the person or persons adopting the adoptee become the parent or parents of the adoptee under the law as though the adopted person had been born to the adopting parents, and the adopting parents are liable for all the duties and entitled to all the rights of parents; the adoption statute effectively makes the adopted child a natural child of the adopting parents and the adopting parents the natural parents of the child, severing at law the prior, natural family relationship and creating a new and complete substitute relationship after adoption; adoption severs the family relationship between any biological siblings who are not adopted by the same adopting parents and they are no longer siblings (MCL 710.60[1]).

Marquita Wilson *in propria persona* for Mac Sconi.

Before: OWENS, P.J., and TALBOT and WILDER, JJ.

WILDER, J. Plaintiff[1] appeals as of right the trial court's order denying her motion for default judgment and dismissing her case. We affirm.

Plaintiff is the biological mother of three older children. On February 22, 2008, in a separate case, the trial court terminated plaintiff's parental rights to these three children.[2] Defendant, Diane King, subsequently adopted the three older children. On September 11, 2008, plaintiff gave birth to Mac Sconi. According to plaintiff, defendant initially allowed Mac to visit with his three older biological siblings, i.e., defendant's adopted children. However,

---

[1] Although the minor, Mac Sconi, is seeking visitation rights with his biological siblings, we refer to his mother, Marquita Wilson, as plaintiff throughout the opinion.

[2] We affirmed the trial court's termination in *In re Wilson*, unpublished opinion per curiam of the Court of Appeals, issued October 21, 2008 (Docket Nos. 284357, 284358, 284359, and 284360).

plaintiff claims that defendant eventually prohibited this visitation. Thereafter, on May 10, 2011, plaintiff, as next friend of Mac, filed a complaint for sibling visitation pursuant to the Child Custody Act (CCA), MCL 722.21 *et seq.* Plaintiff requested that the trial court "set a reasonable visitation schedule" for Mac and his three older biological siblings. On June 20, 2011, plaintiff moved for the trial court to enter an order of default against defendant for failure to respond within 21 days of service. Plaintiff and defendant both appeared *in propria persona* at the subsequent default motion hearing. The trial court denied plaintiff's motion and sua sponte dismissed her lawsuit on the basis that Michigan law does not recognize a cause of action for sibling visitation. Plaintiff's subsequent motion for reconsideration was denied.

On appeal, plaintiff argues that Michigan law provides for a cause of action for sibling visitation and, thus, the trial court improperly dismissed her case. Without determining whether Michigan provides for a cause of action for sibling visitation, we nevertheless conclude that the trial court did not err by dismissing plaintiff's case.

At the motion hearing on plaintiff's request for a default judgment, the trial court sua sponte dismissed plaintiff's case because the court concluded that Michigan law did not recognize a cause of action for sibling visitation. Even though the trial court never cited any court rule, we conclude that the trial court's pronouncement that plaintiff had failed to state a "recognized cause of action" is synonymous with failing to state a claim on which relief can be granted.[3] Therefore, we will treat the trial court's actions as a sua sponte granting of summary disposition pursuant to MCR 2.116(I)(1)

---

[3] MCR 2.116(C)(8) provides that a defendant is entitled to judgment as a matter of law if the plaintiff "has failed to state a claim on which relief can be granted."

and MCR 2.116(C)(8).[4] See *Verna's Tavern, Inc v Heite*, 243 Mich App 578, 584-585; 624 NW2d 738 (2000) (stating that the failure to identify a particular subrule in regard to summary disposition at the trial court does not preclude appellate review as long as the reviewing court has a sufficient record to rule properly).

We review a trial court's granting of summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint by the pleadings alone. *Id.* at 119. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the plaintiff. *Id.* "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id.* (quotation marks and citation omitted).

MCL 710.60 is "commonly referred to as the effect-of-adoption statute," *Jones v Slick*, 242 Mich App 715, 720; 619 NW2d 733 (2000), and it currently provides, in relevant part:

> After the entry of an order of adoption, if the adoptee's name is changed, the adoptee shall be known and called by the new name. The person or persons adopting the adoptee then become the parent or parents of the adoptee under the law as though the adopted person had been born to the adopting parents and are liable for all the duties and entitled to all the rights of parents. [MCL 710.60(1), as amended by 2006 PA 352.][5]

In analyzing MCL 710.60 in light of the CCA in a case

---

[4] MCR 2.116(I)(1) allows a trial court to sua sponte grant summary disposition. *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009).

[5] *Jones* addressed MCL 710.60(1) as amended by 1996 PA 409, but the changes made by the 2006 amendment were essentially stylistic and would not have affected the analysis.

involving grandparent visitation, this Court held:

> The effect of MCL 710.60(1) is to make the adopted child, as much as possible, a natural child of the adopting parents, and to make the adopting parents, as much as possible, the natural parents of the child. The Michigan adoption scheme expresses a policy of severing, at law, the prior, natural family relationship and creating a new and complete substitute relationship after adoption. Once a child has a new, complete family as evidenced by adoption, the grandparent visitation statute, MCL 722.27b, ceases to apply. [*In re Toth*, 227 Mich App 548, 553; 577 NW2d 111 (1998) (citations omitted).]

It is undisputed in this case that defendant legally adopted Mac's three older biological siblings. This adoption legally severed, at law, the three older children's "prior, natural family relationship" and created "a new and complete substitute relationship after adoption." *Id.* At law, it is as though the three older children had been born to defendant. MCL 710.60(1). Thus, defendant's adoption of the three older children legally severed their sibling relationship with Mac. Consequently, even if a cause of action to obtain sibling visitation exists,[6] plaintiff's complaint is deficient because the children with whom Mac seeks visitation are not his siblings. Therefore, plaintiff has failed to state a claim on which relief can be granted, and we affirm the trial court's dismissal of plaintiff's claim. The fact that the trial court used different reasoning to reach its decision does not preclude us from affirming the decision because we conclude that the trial court ultimately reached the correct result. See *Klooster v City of Charlevoix*, 488 Mich 289, 310; 795 NW2d 578 (2011).

Affirmed.

OWENS, P.J., and TALBOT, J., concurred with WILDER, J.

---

[6] We stress that we are offering no opinion on the viability of such a claim.