# STATE OF MICHIGAN

# COURT OF APPEALS

UNIVERSAL ACADEMY,

Plaintiff-Appellant,

v

BERKSHIRE DEVELOPMENT, INC.,

Defendant-Appellee.

UNPUBLISHED
June 20, 2017

No. 330707
Wayne Circuit Court
LC No. 15-009072-CZ

Before: STEPHENS, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

In this action for declaratory judgment to enjoin arbitration, plaintiff, Universal Academy (Universal), appeals as of right the trial court order denying its motion for entry of a default judgment against defendant, Berkshire Development, Inc. (Berkshire), terminating a preliminary injunction against arbitration, and closing the case. We affirm.

## I. BACKGROUND

This case arose out of an agreement between Universal and Berkshire for Berkshire to provide demolition services to Universal and Hamadeh Education Services, Inc. (HES). The agreement contained the following arbitration provision:

> In the event of a dispute between Contractor and the Owner that cannot be resolved, the parties agree to binding arbitration with the American Arbitration Association in accordance with the Construction Industry's Rules of the American Arbitration Association in effect as of the date of this Agreement. The decision of the arbitrator shall be final and binding on the parties and judgment many [sic] be entered upon it in accordance with the laws of the State of Michigan in any court of competent jurisdiction.

Universal ultimately terminated the agreement, alleging material breaches by Berkshire.

Following termination of the agreement, a number of trucking companies that had subcontracted with Berkshire to provide trucking services for the demolition project filed a complaint against Berkshire, Universal, and HES requesting foreclosure of their construction liens and payment for their services. In this underlying case, Berkshire filed a cross-complaint against Universal and HES on January 2, 2015, requesting foreclosure of the lien it recorded

-1-

pursuant to the Construction Lien Act, MCL 570.1118(2), and asserting claims of promissory estoppel and fraudulent inducement. Five months after filing its cross-complaint, on May 1, 2015, Berkshire filed a motion to enforce the arbitration agreement between it and Universal.

The trial court ultimately granted summary disposition to Universal pursuant to MCR 2.116(C)(7), (8) and (10) dismissing all claims raised in Berkshire's cross-complaint. It also denied Berkshire's motion to enforce the parties' arbitration agreement, noting that Berkshire had no claims left against Universal to arbitrate.

Following dismissal of its cross-complaint in the underlying case, Berkshire filed a demand for arbitration with the American Arbitration Association (AAA) on June 12, 2015, to arbitrate its breach of contract claim against Universal. In response, Universal filed a verified complaint for declaratory relief and to permanently enjoin arbitration of any claims arising out of the demolition project because Berkshire waived its right to arbitration, and res judicata and compulsory joinder, MCR 2.203(A), barred such claims. When Berkshire failed to timely file its answer to Universal's complaint, the trial court entered a default, and later denied Berkshire's motion to set aside that default. However, the trial court ultimately refused to grant Universal's motion for entry of a default judgment against Berkshire for declaratory relief, and dismissed Universal's case, finding that Berkshire did not waive its right to arbitration, and that the application of res judicata and compulsory joinder is for the arbitrator, not the trial court, to decide.

## II. MOTION FOR ENTRY OF DEFAULT JUDGMENT

Universal first argues on appeal that the trial court abused its discretion when it denied its motion for entry of a default judgment.[1] Specifically, Universal asserts that by denying its motion for entry of a default judgment, the trial court effectively set aside the default without a finding of good cause or meritorious defense pursuant to MCR 2.603(D). We disagree.

"We review for an abuse of discretion a trial court's decision on a motion to set aside a default and whether to grant a default judgment." *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011), citing *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). "A trial court abuses its discretion when it reaches a decision that falls outside the range of principled outcomes." *Huntington Nat'l Bank*, 292 Mich App at 383, citing *Corporan v Henton*, 282 Mich App 599, 605-606; 766 NW2d 903 (2009).

Universal argues that a trial court may only deny entry of a default judgment after it has properly entered a default under limited circumstances, and that no such circumstances existed in this case. Indeed, "the policy of this state is generally against setting aside defaults and default judgments that have been properly entered." *Shawl v Spence Bros, Inc*, 280 Mich App 213, 221; 760 NW2d 674 (2008), quoting *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219,

---

[1] Berkshire also challenges the appellate jurisdiction of this Court in its brief on appeal. However, this Court has jurisdiction over Universal's appeal, because a declaratory judgment is reviewable as a final judgment.

229; 600 NW2d 638 (1999). Thus, according to Universal, by denying its motion for entry of a default judgment, the trial court effectively set aside the default properly entered against Berkshire without finding that Berkshire demonstrated good cause or a meritorious defense pursuant to MCR 2.603(D)(1).

In response to Universal's claim, Berkshire first argues that this Court should affirm the trial court's decision to deny Universal's motion for entry of a default judgment because the trial court erred when it initially denied Berkshire's motion to set aside the default.[2] "MCR 2.603(D)(1), which governs motions to set aside a default, provides: 'A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted *only if good cause* is shown *and* an affidavit of facts showing a *meritorious defense* is filed.' " *Shawl*, 280 Mich App at 218. " 'Good cause' can be shown by: (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand." *Id*. at 221 (quotation marks and citations omitted). To determine whether a defendant has demonstrated good cause, the trial court should consider:

> (1) whether the party completely failed to respond or simply missed the deadline to file; (2) if the party simply missed the deadline to file, how long after the deadline the filing occurred; (3) the duration between entry of the default judgment and the filing of the motion to set aside the judgment; (4) whether there was defective process or notice; (5) the circumstances behind the failure to file or file timely; (6) whether the failure was knowing or intentional; (7) the size of the judgment and the amount of costs due under MCR 2.603(D)(4); (8) whether the default judgment results in an ongoing liability (as with paternity or child support); and (9) if an insurer is involved, whether internal policies of the company were followed. [*Id*. at 238.]

To determine whether a defendant has demonstrated a meritorious defense, a trial court "should consider whether the affidavit contains evidence that: (1) the plaintiff cannot prove or

---

[2] We disagree with Universal's argument that this Court should not treat Berkshire's first argument as an alternative ground for affirmance, and that Berkshire should have cross-appealed the trial court's order denying its motion to set aside the default. "[A]n appellee is not required to file a cross-appeal to urge an alternative ground for affirming the trial court's order." *Vanslembrouck ex rel Vanslembrouck v Halperin*, 277 Mich App 558, 565-566; 747 NW2d 311 (2008), citing *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994). However, "an appellee may not obtain a decision more favorable than that rendered below without filing a cross-appeal." *Barrow v Detroit Election Comm*, 305 Mich App 649, 683; 854 NW2d 489 (2014), citing *Turcheck v Amerifund Fin, Inc*, 272 Mich App 341, 351; 725 NW2d 684 (2006). Here, the outcome of the case would have been the same had the trial court initially set aside the default. It would have still denied Universal declaratory relief and a permanent injunction.

defendant can disprove an element of the claim or a statutory requirement; (2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or (3) the plaintiff's claim rests on evidence that is inadmissible." *Id*. at 238. Although the good cause and meritorious defense requirements are separate, "if a party states a meritorious defense that would be absolute if proven, a lesser showing of 'good cause' will be required than if the defense were weaker, in order to prevent a manifest injustice." *Alken-Ziegler, Inc*, 461 Mich at 230-231, 233-234.

We conclude that the trial court did not abuse its discretion when it initially denied Berkshire's motion to set aside the default. We need not even consider whether Berkshire demonstrated good cause because it is clear that the affidavit of Sam Saleh, president of Berkshire, attached to Berkshire's motion to set aside the default, contained no evidence demonstrating a meritorious defense. Beyond attempting to explain why Berkshire failed to timely answer Universal's verified complaint, Saleh stated only that Universal never compensated Berkshire for its demolition work, Berkshire never intended to waive its right to arbitration, an arbitration rule states that no judicial proceeding relating to the subject matter of arbitration shall be deemed a waiver of the right to arbitrate, and Berkshire relied on the arbitration provision in the parties' agreement to file its arbitration demand. The affidavit did not address res judicata and compulsory joinder. Thus, the affidavit failed to contain evidence demonstrating a meritorious defense. Even if, as Berkshire asserts, the trial court implicitly found a meritorious defense when it refused to enter a default judgment and denied Universal declaratory relief, Berkshire still failed to meet the standard set forth in MCR 2.603(D), to set aside the default by stating facts demonstrating such a defense in its affidavit.

Alternatively, Berkshire argues that the trial court did not abuse its discretion because the claims raised in Universal's complaint did not support entry of a default judgment. Specifically, Berkshire claims that, even if it failed to demonstrate good cause and a meritorious defense to set aside the default, entry of a default judgment would have been improper because Universal's waiver, res judicata, and compulsory joinder arguments failed as a matter of law.

Again, "the policy of this state is generally against setting aside defaults and default judgments that have been properly entered." *Shawl*, 280 Mich App at 221. However, "[t]he entry of a default does not operate as an admission that the complaint states a cause of action. If the complaint fails to state a cause of action, it will not support a judgment." *State ex rel Saginaw Prosecuting Attorney v Bobenal Investments, Inc*, 111 Mich App 16, 22; 314 NW2d 512 (1981), citing *Hofweber v Detroit Trust Co*, 295 Mich 96; 294 NW 108 (1940). "A plaintiff must provide sufficient facts in his or her complaint to give the defendant notice of the claims against which he or she must defend: the plaintiff must provide a 'statement of facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend[.]' " *Kincaid v Cardwell*, 300 Mich App 513, 529; 834 NW2d 122 (2013), quoting MCR 2.111(B)(1) (alteration in original).

In *Wilson v King*, 298 Mich App 378, 380-381; 827 NW2d 203 (2012), this Court treated the trial court's refusal to enter a default and dismissal of the plaintiff's complaint "as a sua sponte granting of summary disposition pursuant to MCR 2.116(I)(1) and MCR 2.116(C)(8)." There, the plaintiff, as a next friend, filed a complaint for sibling visitation, and the trial court

concluded that Michigan law does not provide a cause of action for sibling visitation. *Wilson*, 298 Mich App at 379-380.

Although the trial court never explicitly stated that it denied Universal's motion for entry of a default judgment because Universal's verified complaint failed to state a cause of action to support a judgment, it did dismiss the complaint after ruling that Berkshire did not waive its right to arbitration, and that the arbitrator has the authority to consider whether res judicata and compulsory joinder bar arbitration of Berkshire's breach of contract claim. These were the two arguments Universal used to support its request for a declaratory judgment and a permanent injunction. Thus, the analysis this Court used to review the trial court's decision in *Wilson* is also appropriate here.

"A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint by the pleadings alone." *Id*. at 381, citing *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the plaintiff," and "[a] motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Wilson*, 298 Mich App at 381, citing *Maiden*, 461 Mich at 119 (quotation marks and citation omitted).

As will be discussed *infra*, the trial court did not abuse its discretion when it denied Universal's motion for entry of a default judgment because Universal's verified complaint failed to state a cause of action for declaratory relief or permanent injunction. Berkshire was entitled to judgment as a matter of law with regard to Universal's waiver, res judicata, and compulsory joinder arguments.

## III. WAIVER OF ARBITRATION

Below, and now on appeal, Universal asserts entitlement to a declaratory judgment and permanent injunction barring arbitration of any claims arising out of the demolition project because Berkshire waived its right to arbitration when it filed its cross-complaint in the underlying case. We disagree.

"Whether one has waived his right to arbitration depends on the particular facts and circumstances of each case." *Madison Dist Pub Sch v Myers*, 247 Mich App 583, 588; 637 NW2d 526 (2001), citing *Hendrickson v Moghissi*, 158 Mich App 290, 299-300; 404 NW2d 728 (1987). This Court reviews de novo whether particular circumstances establish a waiver of the right to arbitration. *Madison Dist Pub Sch*, 247 Mich App at 588, citing *North West Mich Constr, Inc v Stroud*, 185 Mich App 649, 650-652; 462 NW2d 804 (1990). Further, this Court reviews a trial court's factual determinations regarding such circumstances for clear error. *Madison Dist Pub Sch*, 247 Mich App at 588, citing MCR 2.613(C). "Clear error is found only when on review of the entire record, the reviewing court is left with the definite and firm conviction that a mistake has been made." *Peters v Gunnell, Inc*, 253 Mich App 211, 221-222; 655 NW2d 582 (2002), citing *Walters v Snyder*, 239 Mich App 453, 456; 608 NW2d 97 (2000). "Whether a dispute is arbitrable represents a question of law for the courts that we review de novo." *Madison Dist Pub Sch*, 247 Mich App at 594-595.

While the trial court focused on somewhat irrelevant facts to determine that Berkshire did not waive arbitration, its ultimate conclusion was correct. See *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003) ("A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason."). Thus, Universal's waiver argument fails, as a matter of law.

The Uniform Arbitration Act (UAA), MCL 691.1681, *et seq.*, governs arbitration agreements. MCL 691.1683(1).[3] MCL 691.1684(1) provides, "Except as otherwise provided in subsections (2) and (3), a party to an agreement to arbitrate or to an arbitration proceeding may waive or the parties may vary the effect of the requirements of this act to the extent permitted by law."

Where a contractual right to arbitrate exists, waiver is disfavored. *Madison Dist Pub Sch*, 247 Mich App at 588, citing *Salesin v State Farm Fire & Casualty Co*, 229 Mich App 346, 356; 581 NW2d 781 (1998). "The 'party arguing there has been a waiver of this right bears a heavy burden of proof' and 'must demonstrate knowledge of an existing right to compel arbitration, acts inconsistent with the right to arbitrate, and prejudice resulting from the inconsistent acts.' " *Madison Dist Pub Sch*, 247 Mich App at 588, quoting *Salesin*, 229 Mich App at 356 (citation omitted).

There is no question that Berkshire had knowledge of its right to compel arbitration. Berkshire moved to enforce the parties' arbitration agreement five months after filing its cross-complaint against Universal and HES in the underlying case.

Moving next to the second requirement, the following provides guidance regarding the type of conduct considered inconsistent with a party's right to arbitrate:

> Various forms of participation by a [party] in an action have been considered by the courts in determining whether there has been a waiver of the [party]'s right to compel arbitration or to rely on arbitration as a defense to the action. It has been generally held or recognized that by such conduct as defending the action or proceeding with the trial, a [party] waives the right to arbitration of the dispute involved. A waiver of the right to arbitration [sic] . . . has also been found from particular acts of participation by a [party], each act being considered independently as constituting a waiver. Thus, a [party] has been held to have waived the right to arbitration of the dispute involved by filing an answer without properly demanding or asserting the right to arbitration, by filing an answer containing a counterclaim . . . without demanding arbitration or by filing a counterclaim which was considered inconsistent with a previous demand for arbitration, by filing a third-party complaint or cross-claim, or by taking various other steps, including filing a notice of readiness for trial, filing a motion for summary judgment, or utilizing judicial discovery procedures. [*Madison Dist*

---

[3] MCL 691.1683(1) states, "On or after July 1, 2013, this act governs an agreement to arbitrate whenever made."

*Pub Sch v Myers*, 247 Mich App at 589 (quotation marks and citations omitted; alterations in original).]

"A waiver may be express or it may be implied when a party actively participates in a litigation or acts in a manner inconsistent with its right to proceed to arbitration." *Capital Mtg Corp v Coopers & Lybrand*, 142 Mich App 531, 535; 369 NW2d 922 (1985). However, arbitration is not waived by litigating an inarbitrable claim. *Madison Dist Pub Sch*, 247 Mich App at 589-590, citing *Auto Club Ins Ass'n v Lozanis*, 215 Mich App 415, 421-422; 546 NW2d 648 (1996), overruled in part on other grounds by *Perry v Sied*, 461 Mich 680, 690 (2000).

According to the UAA, "whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate" are questions for the trial court, while "[a]n arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled and whether a contract containing a valid agreement to arbitrate is enforceable." MCL 691.1686(2) and (3). "To ascertain the arbitrability of an issue, the court must consider whether there is an arbitration provision in the parties' contract, whether the disputed issue is arguably within the arbitration clause, and whether the dispute is expressly exempt from arbitration by the terms of the contract." *Huntington Woods v Ajax Paving Indus, Inc*, 196 Mich App 71, 74-75; 492 NW2d 463 (1992), citing *Fed Kemper Ins Co v American Bankers Ins Co*, 137 Mich App 134, 139-140; 357 NW2d 834 (1984). "Any doubts about the arbitrability of an issue should be resolved in favor of arbitration." *Huntington Woods*, 196 Mich App at 75, citing *Omega Constr Co, Inc v Altman*, 147 Mich App 649, 655; 382 NW2d 839 (1985).

Berkshire argues that none of the three claims raised in its cross-complaint – foreclosure of construction liens, promissory estoppel, and fraudulent inducement – were arbitrable; thus, it did not act inconsistently with its right to arbitrate by filing the cross-complaint against Universal and HES. In response, Universal asserts that construction lien claims are arbitrable.

The parties' arbitration agreement is very broad, encompassing any disputes that cannot be resolved. MCL 570.1118(1) states, in pertinent part, "An action to enforce a construction lien through foreclosure shall be brought in the circuit court for the county where the real property described in the claim of lien is located." However, caselaw indicates that an arbitrator may properly rule on the validity of, and amount owed under, a construction lien. See *Ronnisch Constr Group, Inc v Lofts On The Nine, LLC*, 306 Mich App 203, 214; 854 NW2d 744 (2014), aff'd sub nom. *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544; 886 NW2d 113 (2016).[4]

---

[4] Plaintiff asserts that our Supreme Court in *Ronnisch*, affirmed that the correct procedural method for arbitrating a lien foreclosure claim was to arbitrate the underlying breach of contract claim at the same time. We reject plaintiff's interpretation. The issue in *Ronnisch* was "whether plaintiff, Ronnisch Construction Group, Inc. (RCG), can seek attorney fees under § 118(2), MCL 570.1118(2), of the Construction Lien Act (CLA) from defendant Lofts on the Nine, LLC (LOTN), given that plaintiff received a favorable arbitration award on its related breach of contract claim but did not obtain a judgment on its construction lien claim." 499 Mich at 549.

Regardless, we need not determine whether Berkshire acted inconsistent with its right to arbitrate by filing its cross-complaint, or whether Berkshire's construction lien, promissory estoppel, and fraudulent inducement claims were arbitrable, because, as a matter of law, Universal failed to allege facts in its complaint demonstrating that it suffered actual prejudice as a result of any potential inconsistent acts. Universal's verified complaint stated, "Defendant's filing of the Demand for Arbitration and its duplicative litigation of the prior claims has extremely prejudiced [Universal] by (1) forcing it to litigate claims which have already been litigated and dismissed by this Court; and by attempting to have it (2) re-litigate claims which have already been litigated and dismissed by this Court; are not barred as a matter of law; and which are no longer subject to arbitration."

Despite Universal's assertions to the contrary, Berkshire did not raise a breach of contract claim in its cross-complaint.[5] And as will be discussed *infra*, the arbitrator, rather than the trial court, has the authority to determine whether res judicata and compulsory joinder bar Berkshire from arbitrating claims arising out of the demolition project and the parties' agreement.

Further, Universal suffered no real prejudice from having to initially defend against Berkshire's claims in the trial court. First, Berkshire filed its cross-complaint as part of the suit initiated by the subcontractor trucking companies against Berkshire, Universal, and HES. Thus, Universal was already defending itself against claims in the trial court. Second, although this Court has found prejudice where one party was forced to defend itself in litigation for 1½ years before the other party sought arbitration, *Madison Dist Pub Sch*, 147 Mich App at 599-600, Berkshire filed its motion to compel arbitration in the underlying case just five months after filing its cross-complaint, and demanded the arbitration at issue in this case just one month after that.

## IV. RES JUDICATA AND COMPULSORY JOINDER CLAIMS

Below and on appeal, Universal also asserts entitlement to a declaratory judgment and permanent injunction barring arbitration of any claims arising out of the demolition project because res judicata and compulsory joinder bar such claims. In its opinion denying Universal's motion for entry of a default judgment, the trial court concluded that the arbitrator, rather than the court, has the authority to consider the applicability of res judicata and compulsory joinder. We agree with the trial court.

Generally, " '[f]or an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court.' " *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014), quoting *People v Metamora Water Serv*, 276 Mich App 376, 382; 741 NW2d 61 (2007). In its verified complaint, at the hearing for Berkshire's motion to set aside the default, and at the hearing regarding Universal's motion for entry of a default judgment, Universal asserted entitlement to declaratory relief and a permanent injunction based on the

---

Whether Ronnisch was required to arbitrate the breach of contract claim with the lien foreclosure claim was not an issue.

[5] Berkshire's cross-complaint raised three claims: Count I: Foreclosure of Lien; Count II: Promissory Estoppel; and Count III: Fraudulent Inducement.

argument that res judicata and compulsory joinder barred arbitration of Berkshire's breach of contract claim. In Berkshire's brief in support of the motion to set aside the default, it argued that the arbitrator, not the trial court, should address Universal's res judicata claims. The parties raise the same arguments on appeal.

Ultimately, the trial court denied Universal's motion for entry of a default judgment and dismissed the case, concluding that the arbitrator had the authority to consider the applicability of res judicata and compulsory joinder to Berkshire's breach of contract claim. Thus, Universal's argument that res judicata and compulsory joinder bar arbitration of claims arising out of the demolition project is unpreserved, but the issue regarding whether a trial court or arbitrator should determine the applicability of res judicata and compulsory joinder has been preserved for appellate review.

This Court reviews the application of res judicata and compulsory joinder de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). This Court also reviews de novo whether a trial court or arbitrator has the authority to decide a particular issue. *American Federation of State v Hamtramck Housing Comm*, 290 Mich App 672, 674; 804 NW2d 120 (2010). Finally, unpreserved issues are reviewed for plain error. *Demski v Petlick*, 309 Mich App 404, 426-427; 873 NW2d 596 (2015). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 427 (quotation marks and citations omitted).

We need not consider whether res judicata or compulsory joinder bar arbitration of any claims arising out of the demolition project because the trial court correctly concluded that the arbitrator holds such authority. Again, "whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate" are questions for the trial court, while "[a]n arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled and whether a contract containing a valid agreement to arbitrate is enforceable." MCL 691.1686(2) and (3). After a trial court has determined that a particular claim is arbitrable, procedural questions must generally be decided by the arbitrator. *Bienenstock & Assoc, Inc v Lowry*, 314 Mich App 508, 516; 887 NW2d 237 (2016). "In other words, 'the parties intend arbitrators, not courts, to decide disputes about the meaning and application of particular procedural preconditions for the use of arbitration.' " *Id*. (citation omitted).

Neither party presented any published Michigan caselaw specifically holding that res judicata and compulsory joinder are questions for an arbitrator, rather than a trial court. However, we reason that res judicata and compulsory joinder should be considered procedural preconditions to arbitration and are, thus, most appropriately considered by an arbitrator. As a result, Universal's complaint failed to state a cause of action for declaratory relief and a permanent injunction, as a matter of law, and the trial court properly denied Universal's motion for entry of a default judgment.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray