*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

YVONNE WRIGHT-BURTON,

        Plaintiff-Appellee,

v

CITY OF DETROIT,

        Defendant,

and

OLYMPIA ENTERTAINMENT EVENTS
CENTER, LLC, ILITCH HOLDINGS, INC.,
LITTLE CAESARS ARENA, LLC, 313
PRESENTS, LLC, 313 DEVELOPMENT, LLC, and
DETROIT PISTONS BASKETBALL COMPANY,

        Defendants-Appellants.

UNPUBLISHED
May 9, 2024

No. 359033
Wayne Circuit Court
LC No. 20-005925-NI

## ON REMAND

Before: JANSEN, P.J., GADOLA, C.J., and SERVITTO, J.

PER CURIAM.

Appellants appeal by leave granted[1] an October 5, 2021 order denying summary disposition in their favor on plaintiff's premises-liability claim. This Court previously reversed the trial court's October 5, 2021 order as it related to Olympia Entertainment Events Center, LLC, Ilitch Holdings, Inc., and Little Caesars Arena, LLC, (hereafter "defendants"). *Wright-Burton v Olympia Dev of Michigan, LLC*, unpublished opinion of the Court of Appeals, issued December 22, 2022 (Docket No. 359032) ("*Wright-Burton I*"). Our Supreme Court, however, vacated "that part of the

---

[1] *Wright-Burton v City of Detroit*, unpublished order of the Court of Appeals, entered December 27, 2021 (Docket No. 359033).

judgment of the Court of Appeals reversing the Wayne Circuit Court's denial of summary disposition" and remanded the case back to this Court for reconsideration "in light of *Kandil-Elsayed v F & E Oil, Inc,* and *Pinsky v Kroger Co of Mich* [512 Mich 95; 1 NW3d 44(2023)]". *Wright-Burton v City of Detroit*, 998 NW2d 697 (2024). Having reconsidered the matter as directed, we again reverse and remand for entry of summary disposition in defendants' favor.

The facts of this matter were set forth in *Wright-Burton I* as follows:

On October 25, 2017, plaintiff and her friend, Wendy Newberry, went to a Detroit Piston's game at Little Caesars Arena. After the basketball game ended, at about 9:30 p.m. or 10:00 p.m., plaintiff and Newberry exited the arena. Plaintiff acknowledged "everybody kind of swarm[ed] out of the door...." Plaintiff and Newberry began to walk to Newberry's vehicle, which was parked nearby. Plaintiff fell as she stepped down from the sidewalk and onto the street. After plaintiff fell, she noticed a curb. Plaintiff allegedly suffered an injury to her patella, which required surgery.

\*\*\*

Thereafter, Olympia Entertainment, Ilitch, and Little Caesars Arena moved for summary disposition under MCR 2.116(C)(10), arguing the curb was open and obvious even in the dark and crowded conditions. Olympia Entertainment, Ilitch, and Little Caesars Arena also argued plaintiff was speculating the curb caused her to fall, which was insufficient to establish causation. . . . On October 5, 2021, the trial court entered an order, which stated, in relevant part:

IT IS HEREBY ORDERED that Defendant's [sic] Motion for Summary Disposition is DENIED. A genuine issue of material fact exists as to whether the curb was the cause of Plaintiff's fall and there is a genuine issue of material fact as to whether, under the conditions that were present at the time of the fall, the unmarked curb was open and obvious and whether the dark, crowded conditions established a special aspect making even an open and obvious risk unreasonably dangerous. [*Wright-Burton I*, unpub op at 1–2]

We review a trial court's decision regarding a motion for summary disposition de novo. *Wilson v King*, 298 Mich App 378, 381; 827 NW2d 203 (2012). A motion for summary disposition pursuant to subsection (C)(10) tests the factual sufficiency of the complaint and may be granted if the documentary evidence shows there is no genuine issue regarding any material fact. *Ernsting v Ave Maria Coll*, 274 Mich App 506, 509; 736 NW2d 574 (2007). "When deciding a motion for summary disposition under MCR 2.116(C)(10), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party." *Id.*, citation omitted.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the

proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation marks and citation omitted). For many years, Michigan law held that while a possessor of land owed a duty to exercise reasonable care to protect invitees from dangerous conditions on the land, that duty did not extend to dangerous conditions that are open and obvious. See, e.g., *Estate of Livings v Sage's Investment Group, LLC*, 507 Mich 328, 337; 968 NW2d 397 (2021). However, if a condition had certain "special aspects" a premises possessor could nonetheless have a duty to undertake reasonable precautions to protect invitees, despite the condition being open and obvious: if the risk was unreasonably dangerous or effectively unavoidable. *Id*. at 338. "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012).

*Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516-517; 629 NW2d 384 (2001), overruled by *Kandil-Elsayed*, 512 Mich 95 (2023), was a, if not *the*, leading case in premises-liability jurisprudence, having established that the open and obvious danger doctrine was "an integral part of the definition" of a land possessor's duty of care. *Kandil-Elsayed* substantially altered the legal framework governing premises-liability claims by overruling *Lugo* and declaring that the open and obvious nature of a condition is relevant to the element of breach and, assuming an otherwise actionable premises-liability claim has been established, whether the plaintiff's damages should be reduced on the basis of comparative fault. *Id*. at 103-104, 144, 148-149.

The Supreme Court also overruled *Lugo*'s special-aspects exception "to the extent that it departed from the anticipation-of-harm standard in § 343A of the Second Restatement [of Torts]." *Id*. at 147. While courts previously engaged in a narrow analysis of whether the purportedly dangerous condition was effectively unavoidable or posed an unreasonable risk of severe harm, under the new framework outlined in *Kandil-Elsayed* the fact-finder must consider whether the defendant should have anticipated harm despite the obviousness of the dangerous condition. *Id*. As it did with respect to the open and obvious danger doctrine, the Supreme Court emphasized that this question is relevant to the element of breach, rather than duty. *Id*. at 147-148.

The Supreme Court provided the following summary of the now controlling standards:[2]

> To summarize, a land possessor owes a "duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Williams* [*v Cunningham Drug Stores, Inc*, 429 Mich 495, 499; 418 NW2d 381 (1988)]. If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty. Our decision does not alter the standard of reasonable care owed to an invitee, meaning that it's not necessary for land possessors to heed the advice in Justice VIVIANO's dissent to "immediately . . . rectif[y]" hazards on their property to avoid liability.

---

[2] This Court has recently held that *Kandil-Elsayed* must be applied retroactively to all cases, like the instant one, that were pending on direct appeal when it was decided. *Gabrielson v Woods Condo Ass'n, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket Nos. 364809 and 364813); slip op at 7-8.

-3-

Rather, as has always been true, a land possessor need only exercise reasonable care under the circumstances. As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it. [*Kandil-Elsayed*, 512 Mich at 148-149 (second alteration in original).]

But, the Court also made it clear that shifting "open and obvious" from a duty question to a breach question *did not* mean that "open and obvious" raises a jury question in all cases. "The default rule that duty is settled by the judge and breach is settled by the jury does not always play out in practice." *Id.* at 112 n 2. "[W]here the evidence presented to a court concerning breach generates no questions of fact, the issue can be decided by the judge as a matter of law." *Id.*

It is undisputed that defendants, as land possessors owed plaintiff a duty to exercise reasonable care to protect her, an invitee, from an unreasonable risk of harm caused by dangerous conditions of the land. *Williams*, 429 Mich at 499. Under *Kandil-Elsayed*, the next step in our inquiry, then, is whether defendants breached that duty. That is where the open and obviousness of the alleged dangerous condition of the land (here, the curb) comes into play.

In this Court's prior decision, we determined that curbs, like steps were generally discoverable on casual inspection. *Wright-Burton I*, unpub op at 3. This Court also found that the evidence supported there was lighting on the street, the lighting outside of Little Caesars Arena was readily apparent, and that plaintiff implicitly acknowledged the curb would have been visible to her, or to any other average person with ordinary intelligence, upon casual inspection by looking down toward the pavement before walking forward. *Id.* Further, this Court noted plaintiff's testimony that she passed the curb on her way into the arena several hours prior to her fall, as well the fact that plaintiff would have seen the people in front of her step down off the curb onto the street, making her aware of the curb, to find that the curb was open and obvious. *Id.* at 4. Although *Kandil-Elsayed* shifted the element to which the open and obvious danger doctrine was relevant, it did not otherwise alter the substance of the doctrine. *Kandil-Elsayed*, 512 Mich at 134-135. *Wright-Burton I* carefully considered what an average person would have discovered under the circumstances, consistent with *Kandil-Elsayed*'s admonishment that the open and obvious danger doctrine is an objective inquiry that should not focus strictly on the plaintiff's own failure to discover the dangerous condition. *Id.* at 135. The finding that the curb is open and obvious remains unchanged.

That being true, we consider whether any breach of duty on defendants' part with respect to the curb has been identified, or whether there is a question of fact concerning whether defendants breached any duty owed to plaintiff. We find the answer to both questions to be no.

Plaintiff testified at her deposition that she was walking from the sidewalk area down into the street and simply did not notice the curb. There is nothing unusual about a curb separating the difference in elevation between a street and a sidewalk in front of a business and plaintiff has

identified nothing defective or different about the curb. Plaintiff has also not identified anything about the curb that would render it dangerous or that would indicate it posed an unreasonable risk of harm. Defendants' only duty, after all, was to exercise reasonable care to protect plaintiff from an *unreasonable* risk of harm caused by a *dangerous* condition of the land, *Williams*, 429 Mich at 499. Because the evidence presented concerning defendants' alleged breach generates no questions of fact, the defendants are entitled to a judgment in their favor as matter of law. *Kandil-Elsayed*, 512 Mich at 112 n 2.

Reversed and remanded for entry of summary disposition in defendants' favor. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Michael F. Gadola
/s/ Deborah A. Servitto